1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

January 30, 2026

**VIA ECF**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re:  Statement of Relatedness: *Davis v. PepsiCo, Inc. et al.*, 1:26-cv-00405 (S.D.N.Y.)

Dear Judge Seibel and Judge Karas:

    We represent Defendants Walmart Inc. ("Walmart") and PepsiCo, Inc. and PepsiCo Beverage Sales, LLC ("PepsiCo") in *Giannasca v. PepsiCo, Inc. et al.*, No. 7:25-cv-6440, currently pending before Judge Seibel, and five cases that have already been related to one another, all of which are currently pending before Judge Karas.[1]  The *Giannasca* case and the five cases

---

[1] The related matters currently assigned to Judge Karas are:

- *Gelbspan v. PepsiCo, Inc. et al.*, 7:25-cv-10397-KMK (S.D.N.Y.);
- *Redner's Markets v. PepsiCo, Inc. et al.*, 7:25-cv-10633-KMK (S.D.N.Y.);
- *Donovan v. PepsiCo, Inc. et al.*, 7:25-cv-10571-KMK (S.D.N.Y.);
- *Lee v. PepsiCo, Inc. et al.*, 7:26-cv-00329 (S.D.N.Y.); and
- *Davis v. PepsiCo, Inc. et al.*, 1:26-cv-00405 (S.D.N.Y.).

In addition to the five matters before Judge Karas, another similar class action, *Emporium Food Store LLC v. PepsiCo, Inc. et al.*, 7:25-cv-10698 (S.D.N.Y.), has been filed in this Court and

LATHAM&WATKINS LLP

before Judge Karas are all class actions alleging that PepsiCo and Walmart violated the antitrust laws by artificially raising the price of Pepsi soft drinks to retailers and consumers. In accordance with Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, we write to inform Your Honors that *Giannasca* is related to the cases pending before Judge Karas and respectfully request that all cases be heard by the same judge.

On December 4, 2025, Judge Furman ordered the unsealing of the complaint in *FTC v. PepsiCo, Inc.*, No. 1:25-cv-00664-JMF (S.D.N.Y), a case that had been brought and subsequently dismissed by the FTC alleging that PepsiCo had violated the Robinson-Patman Act and the FTC Act by giving discriminatory promotional allowances and services to a large national retailer. ECF No. 67. Once that complaint was unsealed, beginning on December 15, 2025, Walmart and PepsiCo were sued in the Southern District of New York, White Plains Division, in a number of class actions broadly alleging that Walmart and PepsiCo conspired in violation of Section 1 of the Sherman Act to artificially raise the prices of Pepsi soft drinks to retailers and consumers. The plaintiffs in these cases either are seeking to represent classes of entities that directly purchased Pepsi soft drinks from PepsiCo (*Redner's Markets; Emporium Food Store LLC; Davis*) or indirectly purchased Pepsi soft drinks from retailers other than Walmart (*Gelbspan; Donovan; Lee*). While there are slight differences between the cases in terms of class periods and ancillary claims, all the cases are based on the same underlying factual allegations, and all cases (other than *Emporium Food Store LLC*, which is unassigned) have been assigned to Judge Karas as related to one another. Presumably, those cases will eventually be consolidated and plaintiffs will file consolidated amended complaints.

On August 5, 2025, the *Giannasca* class action was filed alleging that PepsiCo had violated the Robinson-Patman Act by providing Walmart with unfair promotional advantages to the disadvantage of other retailers of PepsiCo's products. *See Giannasca*, No. 7:25-cv-6440-CS (S.D.N.Y.), ECF No. 1. Walmart was not originally named as a defendant in the *Giannasca* action, which was eventually assigned to Judge Seibel. *Id.* On January 8, 2026, Giannasca amended his complaint to add Walmart as a defendant and add a cause of action alleging that Walmart and PepsiCo conspired in violation of Section 1 of the Sherman Act to raise the effective price of Pepsi soft drinks to retailers other than Walmart. ECF No. 28. Similar to plaintiffs in *Redner's Markets, Emporium Food Store LLC,* and *Davis,* Giannasca seeks to represent a class of retailers that directly purchased soft drinks from PepsiCo. *Id* ¶ 69. The Court has set a deadline for Walmart and PepsiCo to submit any pre-motion conference letters regarding anticipated motions to dismiss by February 6, 2025. Minute Entry, *Giannasca*, at 1 (S.D.N.Y. Jan. 7, 2026).

As noted above, plaintiffs in the *Giannasca* class action and the class actions pending before Judge Karas allege the same anticompetitive conduct and the same harm in the same or similar alleged markets during the same or similar time periods. Plaintiffs in each of the actions claim that Walmart and PepsiCo violated Section 1 of the Sherman Act by entering into an agreement to increase wholesale prices of Pepsi soft drinks sold to retailers. Plaintiffs in each

---

currently is unassigned. A Statement of Relatedness was also filed in *Emporium Food Store LLC* notifying the Court that *Emporium Food Store LLC* is related to *Redner's Markets*. ECF No. 3.

action also allege that, as a result of the same alleged conduct, Plaintiffs paid higher prices for Pepsi soft drinks.

Because these complaints bring similar claims, Walmart and PepsiCo respectfully submit that they should be heard by the same judge. Having all these matters transferred to one judge will conserve judicial resources, make discovery more efficient, and minimize the chances of inconsistent rulings. Moreover, because all these cases are in their early stages, there will be no disruption caused by transferring these actions to a single judge.[2]

Consistent with Rule 13 of the Rules for the Division of Business Among District Judges, Walmart and PepsiCo believe the interests of justice and efficiency will be served by determining that these matters are related and assigning them to the same judge. Prior to submitting this letter, Defendants met and conferred with counsel for Plaintiffs, who advised that *Davis*, *Donovan*, *Emporium Food Store LLC*, *Gelbspan*, *Lee*, and *Redner's Markets* Plaintiffs do not oppose the matters being assigned to a single judge. Counsel for *Giannasca* stated that "these matters should be related to the *Giannasca* matter which is the first filed case."

Dated: January 30, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
David Marriott
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200
Email: lawrence.buterman@lw.com
Email: david.marriott@lw.com

Belinda S Lee (*pro hac vice* pending)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Email: belinda.lee@lw.com

*Attorneys for Defendant Walmart Inc.*

---

[2] While the *Giannasca* matter before Judge Seibel has the lowest docket number, the *Gelbspan* matter before Judge Karas was the first to name both Walmart and PepsiCo as defendants and allege a violation of Section 1 of the Sherman Act. Walmart and PepsiCo take no position on whether the *Giannasca* matter should be transferred to Judge Karas or the matters before Judge Karas should be transferred to Judge Seibel.

**LATHAM&WATKINS**LLP

                 **GIBSON DUNN & CRUTCHER**

                 <u>/s/ Laura K. O'Boyle</u>
                 Laura K. O'Boyle
                 200 Park Avenue
                 New York, NY 10166-0193
                 Telephone: 212.351.2304
                 Email: LOBoyle@gibsondunn.com

                 Jay P. Srinivasan (*pro hac vice* forthcoming)
                 333 South Grand Avenue
                 Los Angeles, CA 90071-3197
                 Telephone: 213.229.7296
                 Email: JSrinivasan@gibsondunn.com

                 *Attorneys for Defendants PepsiCo, Inc. and PepsiCo Beverage Sales, LLC*